## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

GREGORY KURZAWSKI,

       Plaintiff,


v.                                                                          CASE NO: 21-cv
                                                                                 HON:


BRANCH COUNTY, and
JAMES ANDREWS, ERIC WATERBURY, and DALTON TURMELL
In their individual and official capacities.

       Defendants,

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>THOMAS P. KERR (P84864)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321 (fax)<br>Amy.derouin@cjtrainor.com<br>Thomas.kerr@cjtrainor.com | |

## **COMPLAINT AND JURY DEMAND**

      **NOW COMES** Plaintiff, **GREGORY KURZAWSKI**, by and through his attorneys,

CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named

Defendants, states as follows:

1. Plaintiff is a resident of the City of Colon, County of St. Joseph, State of Michigan.

2. Defendant BRANCH COUNTY is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

3. The individually-named Defendants are and/or were corrections officers employed by the Branch County Jail; and at all times mentioned herein were acting under color of law, in their individual and official capacities, and within the course and scope of their employment.

4. All events giving rise to this lawsuit occurred in the City of Coldwater, County of Branch, State of Michigan.

5. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question], 28 U.S.C. §1343 [civil rights].

6. That this lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the Fourteenth and/or Eight Amendments of the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983.

7. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) not including interest, costs, and attorney fees.

FACTS:

8. On October 15, 2018, Plaintiff was incarcerated in Branch County Jail as a pretrial detainee.

9. On this day, Defendant Andrews issued a plastic shaving razor to Plaintiff in order to shave before a scheduled court appearance.

10. That Defendant Andrews requested this razor back and noticed the metal blade was missing from the plastic safety handle.

11. That Defendant Andrews handcuffed Plaintiff, and himself along with Defendants Waterbury and Turmell began searching for the missing metal blade.

12. That Defendant Andrews told Plaintiff that he was going to check the camera footage and if Plaintiff was not telling the truth about the location of the blade, Defendants would beat him up.

13. That Plaintiff was escorted by Defendants Andrews and Turmell into a shower area for a strip search.

14. That the blade was found in a cell with other inmates away from Plaintiff and Defendants.

15. That while in the shower area, Defendants Andrews and Turmell struck Plaintiff without justification.

16.  That Plaintiff was then escorted by Defendants into a new holding area.

17. That Defendant Andrews lifted Plaintiff's arms behind his back and parallel to his shoulders, while forcefully pushing him forward during the escort and while Defendants Waterbury and Turmell open doors and assisted.

18. That Plaintiff was thrown onto the floor by Defendant Andrews, while Defendants Waterbury and Turmell stood in the doorway, blocking the cameras looking into the cell.

19. That Defendant Andrews then dropped his knee onto Plaintiff's face while he was still handcuffed causing Plaintiff to scream out in pain and causing large amounts of blood to poor from his face.

20. Defendants then left Plaintiff's cell, leaving Plaintiff in a pool of his own blood.

21. Defendants returned approximately five minutes later and transported Plaintiff to Coldwater Hospital where he was diagnosed with fractures in his jaw amongst other injuries.

22. As a result of Defendants' unlawful actions and/or inactions, Plaintiff sustained injuries and damages.

**COUNT I**
**VIOLATION OF THE FOURTEENTH AMENDMENT**
**42 U.S.C. § 1983 EXCESSIVE FORCE**

23. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

24. The Due Process Clause of the Fourteenth Amendment prevents the use of excessive physical force against pretrial detainees and imposes a duty on police officials to take reasonable measures to guarantee the safety of those under their care.

25. The named individual Defendants violated Plaintiff's clearly established and federally protected rights as set forth under the United States Constitution and the Amendments thereto, including, but not limited to, the Fourteenth Amendment of the United States Constitution to be free from unreasonable searches and seizures mainly to be free from excessive use of force, when they employed unnecessary and unreasonable excessive force which resulted in significant injuries to Plaintiff.

26. At all relevant times herein, Defendants Andrews, Waterbury, and Turmell acted under the color of law, within the scope and course of their employment, and in their official and individual capacities.

27. The actions of the individual Defendants were at all times objectively unreasonable in violation of Plaintiff's clearly established rights under the Fourteenth Amendment to the United States Constitution which proximately resulted in significant injuries to Plaintiff.

28. The individual Defendants are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourteenth Amendment right to be free from excessive use of force.

29. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights by the individual Defendants, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interests, and attorney fees as set forth in 42 U.S.C. § 1988.

      **WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in the amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

**COUNT II**
**VIOLATION OF THE EIGHTH AMENDMENT**
**42 U.S.C. § 1983 EXCESSIVE FORCE**

30. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

31. The Eight Amendment's prohibition of cruel and unusual punishment prohibits the use of excessive force against prisoners and imposes a duty upon jail officers to take reasonable measures to guarantee the safety of inmates and to intervene and stop unreasonable force from being used.

32. The individual Defendants violated Plaintiff's federally protected rights by unnecessarily using excessive and/or unreasonable physical force against Plaintiff for no legally justifiable reason whatsoever.

33. No need existed to use force against Plaintiff, as no threat could have been reasonably perceived by the individual Defendants.

34. The individual Defendants acted maliciously and sadistically for the sole purpose of causing harm to Plaintiff and/or with deliberate indifference to Plaintiff's constitutional rights.

35. That actions taken by the individual defendants against Plaintiff did not further any legitimate penal or institutional objective and were not undertaken in a good faith effort to maintain or restore discipline.

36. The individual Defendants are not entitled to qualified immunity because they violated Plaintiff's clearly established right to be free from excessive use of force and/or cruel and unusual punishment.

37. Plaintiff suffered injuries and damages as a result of the unlawful force used against him.

38. At the time of Plaintiff's incarceration, it was clearly established that the Eighth Amendment prohibited the unnecessary and wanton infliction of pain through the use of excessive force of an inmate.

39. The individual Defendants violated Plaintiff's constitutional rights and therefore, Plaintiff has a viable claim for exemplary damages, compensatory damages and for punitive damages against Defendants, plus interest, costs, and attorney fees as set forth in 42 U.S.C. §§ 1983 and 1988.

   **WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in the amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

<u>**COUNT III**</u>
<u>**DEFENDANT BRANCH COUNTY**</u>
<u>**CONSTITUTIONAL VIOLATIONS**</u>

40. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

41. Defendant Branch County permitted customs, practices, and/or policies which resulted in the violations of Plaintiff's constitutional rights as complained of herein.

6

42. These customs, practices, and/or policies included, but were not limited to, the following:

    a.   Failing to adequately train and/or supervise its corrections officers so as to prevent violations of citizens' constitutional rights;

    b.   Failing to adequately train and/or supervise corrections officers regarding the proper use of force; and

    c.   Failing to adequately supervise, review, and/or discipline corrections officers whom Defendant Branch County knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its corrections officers to engage in unlawful conduct.

43. Defendant's conduct was so reckless so as to demonstrate deliberate indifference for whether an injury resulted.

44. Defendant's acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

45. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's constitutional rights; and pursuant to 42 U.S.C. § 1983, Plaintiff has a viable claim for compensatory and punitive damages, costs, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in the amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**s/ Christopher J. Trainor**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
amy.derouin@cjtrainor.com

Dated: August 10, 2021
*CJT/tpk*

8

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

GREGORY KURZAWSKI,

     Plaintiff,

v.                               CASE NO: 21-cv
                                 HON:

BRANCH COUNTY, and
JAMES ANDREWS, ERIC WATERBURY, and DALTON TURMELL
In their individual and official capacities.

     Defendants,

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>THOMAS P. KERR (P84864)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321 (fax)<br>Amy.derouin@cjtrainor.com<br>Thomas.kerr@cjtrainor.com | |

## DEMAND FOR JURY TRIAL

**NOW COMES** Plaintiff, **GREGORY KURZAWSKI,** by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-captioned matter.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**_s/ Christopher J. Trainor_**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
amy.derouin@cjtrainor.com

Dated: August 10, 2021
*CJT/TPK*

10