UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY KURZAWSKI,

    Plaintiff,

v.

COUNTY OF BRANCH, et al.,

    Defendants.
_____/

Case No. 1:21-cv-687

HON. JANE M. BECKERING

**OPINION AND ORDER**

Pursuant to 42 U.S.C. § 1983, Plaintiff filed this civil rights action against Defendants Branch County and Branch County Sheriff's Deputies James Andrews, Eric Waterbury, and Dalton Turmell, alleging the individual Defendants used excessive force on him while he was incarcerated in the Branch County Jail in October 2018. Branch County, Waterbury, and Turmell moved for summary judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant the motion. The matter is presently before the Court on Plaintiff's two objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

First, Plaintiff argues that the Magistrate Judge erred in determining that he did not adequately plead a failure-to-intervene claim against Defendants Waterbury and Turmell in his

Complaint (Pl. Obj., ECF No. 83 at PageID.634, referencing R&R, ECF No. 81 at PageID.618–622).[1] Plaintiff highlights several allegations in his Complaint that he argues more than adequately state such a claim (*id.* at PageID.636–637). However, the Magistrate Judge carefully examined the allegations in the Complaint (and deposition testimony) and concluded, in light of the controlling caselaw, that Plaintiff improperly seeks to expand his Complaint to include failure-to-intervene claims and that allowing him to assert such claims at this point in the litigation would result in unfair surprise to Defendants Waterbury and Turmell. As Defendants point out in Response to Plaintiff's Objections, Plaintiff "does not articulate whether or how the Magistrate misinterpreted or misapplied" the relevant cases (Resp., ECF No. 85 at PageID.686). Because Plaintiff's mere disagreement with her analysis does not serve to demonstrate error, Plaintiff's first objection is denied.

Second, relying on the result in *Ouza v. City of Dearborn Heights, Michigan*, 969 F.3d 265, 287 (6th Cir. 2020), which was premised on a single incident, Plaintiff argues that the Magistrate Judge erred in determining that he did not have a viable claim against Branch County for its failure to adequately train and/or supervise its corrections officers (Pl. Obj., ECF No. 83 at PageID.642–645). Plaintiff opines that the County's liability is evidenced by the individual Defendants' "actions and inactions" as well as the fact that the County "ignored" the incident (*id.* at PageID.644–645). The Magistrate Judge determined that the decision in *Ouza* was factually distinguishable because the defendant-city in *Ouza* "completely failed" to provide "any type of training" relevant to the incident in *Ouza*, 969 F.3d at 289, whereas Branch County presented

---

[1] Plaintiff also argues at length that genuine disputes of material fact remain as to his failure-to-intervene claims against Defendants Waterbury and Turmell (Pl. Obj., ECF No. 83 at PageID.638–642); however, the Magistrate Judge did not base her recommendation on an absence of disputed facts.

2

evidence that its deputies are annually trained in the use of force and that Branch County had in place use-of-force and inmate-injury policies at the time of the incident in this case (R&R, ECF No. 81 at PageID.624). The Magistrate Judge properly concluded that the record did not support a single-incident theory of liability against Branch County. Plaintiff's argument merely reiterates his reliance on *Ouza*, without demonstrating any factual or legal error in the Magistrate Judge's analysis or ultimate conclusion. Plaintiff's second objection is therefore also properly denied.

In short, Plaintiff's objections lack merit, and this Court therefore adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 83) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 81) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 67) is GRANTED, and Defendants County of Branch, Eric Waterbury, and Dalton Turmell are TERMINATED from this case.

Dated: April 5, 2023  /s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge